IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL No. 11-1264 |
| | : | |
| v. | : | CRIMINAL No. 05-32-2 |
| | : | |
| ALEXIS VILLEGAS | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                        **March 22, 2012**

Defendant Alexis Villegas asks this Court to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255. Villegas, whose first language is Spanish, argues his trial counsel was ineffective in failing to have an interpreter present during meetings with Villegas and in failing to provide Villegas with written Spanish translations of the Guilty Plea Agreement, the Presentence Investigation Report, and other case-related documents. Finding Villegas's arguments meritless, this Court will deny his request for relief.

**FACTS**

In January 2005, Villegas was indicted on one count of conspiracy to commit hostage taking, in violation of 18 U.S.C. § 1203(a); one count of hostage taking and aiding and abetting, in violation of 18 U.S.C. §§ 1203(a) and 2; one count of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2; and one count of possession of a firearm by an alien, in violation of 18 U.S.C. § 922(g)(5)(A). The charges arose out of an October 2004 incident in which Villegas and two codefendants kidnapped a victim from his home at gunpoint and then held him hostage for several days while demanding $1 million in ransom from the victim's parents. A superseding indictment was returned in April 2005, charging Villegas with the same crimes.

On May 23, 2005, Villegas pleaded guilty to these charges pursuant to a cooperation plea agreement with the Government. In the Guilty Plea Agreement, Villegas agreed to waive "all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law."[1] Guilty Plea Agreement ¶ 10.

At the change of plea hearing, an interpreter was present to assist Villegas, and Villegas initially testified through the interpreter. Because it quickly became apparent to this Court—itself a native Spanish speaker—that Villegas could understand the Court's questions in English, however, the Court inquired into Villegas's ability to speak and understand English.[2] Villegas testified he was able to speak, understand, and write English; could understand the Court's questions; and generally had a "pretty good" understanding of English. Plea Hr'g Tr. 9-10. When asked whether he needed an interpreter, Villegas explained he would need the interpreter only for "some words." *Id.* at 10. Based on these statements—and with Villegas's agreement—this Court conducted the balance of the plea hearing in English on the understanding that Villegas would notify the Court if there was anything he did not understand, in which case the Court would afford Villegas an opportunity to consult with the interpreter and his counsel. *Id.* at 10-11.

After again confirming Villegas could understand the Court and could speak English, the

---

[1] The appellate waiver provision of the Guilty Plea Agreement permitted Villegas to appeal only if (1) the Government appealed his sentence, (2) the sentence imposed on any count of conviction exceeded the statutory maximum for that count, or (3) the Court unreasonably departed upward from the otherwise applicable Sentencing Guidelines range. Guilty Plea Agreement ¶ 10.

[2] This Court's initial questions to Villegas concerned how long he had been in the United States and whether he had attended any schools in this country. Villegas explained he had come to the United States from Mexico in 1997 and had attended elementary, middle, and high school here, before dropping out in tenth grade. Plea Hr'g Tr. 8-9, May 23, 2005.

Court verified that Villegas had reviewed the Guilty Plea Agreement with his counsel at the Federal Detention Center and had also read the agreement on his own. *Id.* at 17-20. Although an interpreter was not present when Villegas reviewed the plea agreement with his counsel, Villegas testified he "read it, too[,] and [he] underst[oo]d it." *Id.* at 18. This Court thereafter reviewed the Guilty Plea Agreement with Villegas in detail, including the statutory maximum sentence on each count, the mandatory minimum sentence on the firearms charge, and the possible deportation consequences of the plea. *E.g., id.* at 27-30. The Court also reviewed the appellate waiver provision with Villegas, explaining Villegas would be permitted to appeal his sentence only if the Government appealed, if the Court imposed a sentence greater than the statutory maximum, or if the Court unreasonably departed from the Sentencing Guidelines. *See id.* 43-44. At the conclusion of the colloquy, the Court accepted Villegas's guilty plea, finding Villegas

> alert, competent and I think that he is capable of making an informed decision as to whether to plead guilty or not guilty.
> I am satisfied that he understands sufficient English to be able to respond to my questions and has done so on this record quite well.
> I am satisfied that there is an independent basis in fact for the plea and I'm confident that he understands the charges, the maximum penalty, the minimum mandatories that apply and that he's giving up some basic and fundamental rights to a trial.

*Id.* at 52-53.

In September 2008, pursuant to the terms of the Guilty Plea Agreement, in which he agreed to cooperate with the Government, Villegas testified as a Government witness at the trial of Jose Antonio Santiago, one of his codefendants. At the outset of his testimony, Villegas explained that while he was "not completely" fluent in English, he did not have a problem understanding English. Trial Tr. 4-5, Sept. 4, 2008. Villegas then proceeded to testify for a full day and a half in English,

3

without the assistance of an interpreter.

On May 1, 2009, Villegas appeared before this Court for sentencing. At the sentencing hearing, this Court granted the Government's motion for a downward departure from the Guidelines sentencing range and the mandatory minimum sentence, and sentenced Villegas to 204 months of imprisonment, a sentence well below the effective advisory Guidelines range of 294-346 months.[3] Although Villegas had testified in English at the change of plea hearing and at his codefendant's trial, he addressed the Court through an interpreter at the sentencing hearing. Sentencing Hr'g Tr. 30, May 1, 2009.

Notwithstanding the appellate waiver in the Guilty Plea Agreement, Villegas filed a direct appeal. On January 19, 2010, the Third Circuit granted the Government's motion to enforce the appellate waiver and for summary affirmance. Thereafter, Villegas filed the instant § 2255 motion seeking to vacate his guilty plea and sentence on the ground his counsel was ineffective for not ensuring Villegas received legal advice in Spanish, his native language.[4]

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if it was imposed in violation of the Constitution or laws of the

---

[3] Based on an offense level of 37 and a criminal history category of I, Villegas's advisory Guidelines range was 210-262 months. Because the firearms charge carried a seven-year mandatory minimum consecutive sentence, however, Villegas's effective advisory Guidelines range was 294-346 months.

[4] Villegas also argues enforcement of the appellate waiver in the Guilty Plea Agreement in this case would work a miscarriage of justice in light of his counsel's failure to ensure the appellate waiver was explained to Villegas in Spanish. Although the Government disputes Villegas's contention he did not understand the appellate waiver, Gov't's Resp. to Def.'s § 2255 Mot. 5-6, the Government does not argue Villegas's § 2255 motion should be denied based on the waiver, but instead addresses the merits of Villegas's ineffective assistance claim. As a result, this Court need not address Villegas's argument that the waiver should not be enforced in this case.

United States or is otherwise subject to collateral attack. *Id.* § 2255(a). Where, as here, a defendant seeks relief pursuant to § 2255 based on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. To be considered deficient, counsel's performance must have fallen below "an objective standard of reasonableness" that is measured against "prevailing professional norms." *Id.* at 688. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Orocio*, 645 F.3d 630, 645 (3d Cir. 2011) (holding the prejudice inquiry in an ineffective assistance claim regarding a guilty plea "must focus on whether [the defendant] . . . could have reasonably chosen to go to trial").

Although Villegas argues his counsel was ineffective for not having an interpreter present during meetings and for not providing him with Spanish translations of the Guilty Plea Agreement and other documents, the record refutes Villegas's contention he does not understand English and did not understand the Guilty Plea Agreement. At the change of plea hearing, this Court expressly found Villegas could speak and understand sufficient English to respond to the Court's questions in English, subject to his right to consult with the interpreter and his counsel regarding any aspect of the proceeding he did not understand. Plea Hr'g Tr. 10-11, 17-18, 52-53. This Court made this finding based on its personal observation of Villegas's ability to speak and understand English, and

after questioning Villegas about his language abilities. In response to this Court's questions, Villegas confirmed he had been in the United States since 1997; had attended school here until the tenth grade; and could speak, understand, and write English. *Id.* at 8-9. During the hearing, moreover, Villegas demonstrated a good understanding of English, as is apparent from both the transcript and the audio recording of the hearing. For example, after the Government summarized the factual basis for the plea in English, Villegas stated he understood what the prosecutor had said and then proceeded to correct the Government's account, stating, "[a]ctually, I didn't enter—I didn't enter the United States in 2002, I entered in '97." *Id.* at 37-38.[5]

As for Villegas's understanding of the Guilty Plea Agreement, Villegas testified he had reviewed the agreement with his counsel and had read it on his own, and stated he felt he understood the nature of the agreement and had no questions about it. *Id.* at 19-20. Villegas does not allege he ever requested a written translation of the Guilty Plea Agreement or any other case-related document. To the contrary, his testimony at the change of plea hearing suggests he felt a translation was unnecessary: when asked whether an interpreter was present when he reviewed the agreement with his counsel, Villegas responded, "[n]o," but then volunteered that he had read the agreement himself and understood it. *Id.* at 18. Villegas likewise indicated he understood the plea agreement when this Court reviewed its terms with him orally at the hearing. *See id.* at 20-44. Significantly, the interpreter remained available to Villegas throughout the change of plea hearing,[6] and the record

---

[5] While not dispositive of Villegas's English abilities at the time of his guilty plea in 2005, it bears mention that when Villegas testified at his codefendant's trial in 2008, he did so in English, without the assistance of an interpreter.

[6] Before proceeding with the hearing in English, this Court specifically advised Villegas he could consult with the interpreter and his counsel "if there is a word that you do not understand or a concept that you do not understand." *Id.* at 10.

reflects Villegas was afforded the opportunity to consult with the interpreter and his counsel when necessary during the hearing. *See id.* at 13, 18-19 (brief discussion with interpreter), 16 (brief discussion with counsel).

Because the record demonstrates Villegas could speak and understand English, and had read and understood the Guilty Plea Agreement at the time of the change of plea hearing, this Court concludes Villegas's counsel was not deficient in failing to provide an interpreter for meetings and failing to provide written translations of the Guilty Plea Agreement and other documents. *See Gallo-Vasquez v. United States*, 402 F.3d 793, 799 (7th Cir. 2005) (holding counsel was not ineffective for failing to bring an interpreter to out-of-court meetings where defendant's claim of a language barrier was refuted by the record, including defendant's testimony that he spoke some English, his translation of some of his own answers from Spanish to English at trial, and his failure to raise the language barrier issue at any time prior to his § 2255 petition); *Soto v. Klopotoski*, No. 08-1641, 2008 WL 5381357, at *7 (E.D. Pa. Dec. 23, 2008) (rejecting claim defense counsel was ineffective for failing to request the assistance of a Spanish interpreter during plea discussions where, at a post-trial hearing, petitioner testified he was comfortable speaking and understanding English and testified in English); *United States v. Martinez*, 120 F. Supp. 2d 509, 514-15 (W.D. Pa. 2000) (holding counsel was not ineffective for failing to ensure an interpreter was present during meetings with defendant, and for not providing defendant with written translations of court documents, where record reflected defendant's ability to communicate and comprehend the proceedings in English); *De La Rosa v. United States*, No. 94-7623, 1995 WL 251302, at *2 (E.D. Pa. Apr. 25, 1995) (holding counsel was not ineffective for failing to provide the petitioner a written Spanish translation of his plea agreement where petitioner, who had never requested a written translation, testified he had

reviewed the plea agreement with his counsel, and where an interpreter translated the plea agreement orally at the plea hearing).

Moreover, even if Villegas could show his counsel's performance was deficient, he has not even alleged—much less shown—that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see In re Sealed Case*, No. 09-3116, 2011 WL 6118561, at *5-6 (D.C. Cir. Dec. 9, 2011) (rejecting defendant's claims his guilty plea was not knowing, intelligent, or voluntary because he was not provided a written Spanish translation of the plea agreement and because his counsel was ineffective where defendant did not assert that, but for the court's or his counsel's errors, he would not have pleaded guilty); *cf. Orocio*, 645 F.3d at 644-45 (holding petitioner's affidavit stating he "'would have taken his case to trial' if he could not have secured a plea agreement that would avoid a removal consequence" was sufficient to warrant an evidentiary hearing on petitioner's ineffective assistance of counsel claim (record citation omitted)).

Because Villegas has not satisfied either prong of the *Strickland* test, his ineffective assistance of counsel claim fails, and his § 2255 motion will therefore be denied. Moreover, because the record conclusively refutes the factual basis for Villegas's claim, the motion will be denied without an evidentiary hearing. *See* 28 U.S.C. § 2255(b) (directing a district court to hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Villegas argues an evidentiary hearing is necessary regarding (1) "trial counsel's and Defendant's language skills," (2) "whether a translator was required," (3) "whether the trial court was aware that a translator was not provided," and (4) "broadly, whether trial counsel was ineffective by failing to assure that his client . . . received legal advice in a language he

understood." Def.'s § 2255 Mot. 4. As set forth above, this Court addressed most of these issues at the change of plea hearing. Specifically, this Court found Villegas spoke and understood sufficient English to participate in the plea colloquy without an interpreter and to understand the Guilty Plea Agreement, even though an interpreter had not been present when he reviewed the plea agreement with his counsel.[7] In these circumstances, an evidentiary hearing is unnecessary. *See United States v. Padilla-Castro*, 426 F. App'x 60, 63-64 (3d Cir. 2011) (holding defendant was not entitled to an evidentiary hearing about whether he understood the terms of his plea agreement where the record conclusively showed defendant "did not lack necessary information"); *United States v. Chun*, 399 F. App'x 669, 671-72 (2d Cir. 2010) (holding defendant was not entitled to an evidentiary hearing on his ineffective assistance claim where district court's conclusion that defendant and his counsel could communicate without an interpreter was supported by the trial record and the district court's own firsthand observations).

For the reasons set forth above, Villegas's § 2255 motion will be denied. An appropriate order follows.

---

[7] While this Court did not make any finding regarding defense counsel's Spanish language skills, it was unnecessary to address the issue given the Court's findings regarding Villegas's English language abilities.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.